STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ANKUR SHINGAL (CABN 303434)
EVAN MATEER (CABN 326848)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7108
    FAX: (415) 436-7234
    Ankur.Shingal@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 21-202 WHO |
| Plaintiff, | |
| v. | **GOVERNMENT'S TRIAL MEMORANDUM** |
| ROBERT HAMILTON, | Pretrial Conference: February 7, 2022<br>Time: 2:00 p.m. |
| Defendant. | Hon. William H. Orrick |

In accordance with the Court's Standing Order for Criminal Cases, and the Court's Amended Criminal Pretrial Order (Dkt. 79), the government hereby submits a Trial Memorandum.

## I.     BACKGROUND AND LEGAL BASIS FOR THE CHARGES

On February 27, 2021, law enforcement encountered Robert Hamilton in the area of Jones and Market streets in San Francisco.  Robert Hamilton was then suspected of involvement in a shooting that took place nearby on February 14, 2021.  Police officers told Hamilton to stop so they could speak with him.  He began to run and a brief chase ensued, during which officers saw Hamilton reaching for his waistband.  Officers caught up to Hamilton, who was knocked to the ground by an officer and apprehended.

While officers were placing Hamilton into handcuffs, they noticed a black handgun protruding out from under him.  The firearm was loaded with seven rounds of ammunition.  Officers subsequently searched a Target bag Hamilton was carrying and found 331.5 grams (gross) of marijuana and two digital scales.  Officers searched Hamilton's person and found approximately $7,000 in cash in various, small denominations.  Officers also seized two cell phones from Hamilton.  The contents of these cell phones included dozens of images and videos of large amounts of cash and marijuana, images of other controlled substances, and images of Hamilton with cash and/or marijuana.

On May 13, 2021, Hamilton was charged by Indictment with a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm and ammunition).  Indictment [Dkt. No. 9].  On July 7, 2021, the grand jury returned a Superseding Indictment charging Hamilton with one count of 18 U.S.C. § 922(g)(1) and one count of 18 U.S.C. § 924(c)(1) (using, carrying, or possessing a firearm in connection with a drug trafficking crime and possession in furtherance of a drug trafficking crime).  Superseding Indictment [Dkt. No. 23].  The underlying drug trafficking offense—possession with intent to distribute marijuana—has not been substantively charged.  The defendant has pleaded not guilty to both charges.

## II.    ANTICIPATED EVIDENCE

The government will rely on the testimony of the officers who conducted the stop, arrest, and search of Hamilton, including their testimony that Hamilton was seen reaching for a firearm during his flight.  The government intends to show portions of the officer's body-worn camera footage covering the foot chase, discovery of Hamilton's handgun, and discovery of the U.S. currency on Hamilton's person.  The government intends to introduce physical evidence recovered from Hamilton, including but not limited to the narcotics, currency, digital scales, and firearm and ammunition.  The government will also

rely on data recovered from cell phones seized from Hamilton, including the images of Hamilton with drugs and money, images and videos of large amounts of marijuana, images of large amounts of U.S. currency, and images of other controlled substances.

Finally, the government intends to call several expert witnesses, including an expert to testify to the interstate nexus of the firearm, an expert to explain results of DNA testing of the firearm, an expert who examined the marijuana in this case, and an expert in narcotics trafficking.

### III.  EVIDENTIARY, PROCEDURAL, AND ANTICIPATED LEGAL ISSUES

The parties met and conferred on January 27, 2022 to discuss evidentiary and other issues, with further discussions on January 31, 2022.  The parties do not anticipate issues regarding admissibility for any exhibits that are not subject to objections or addressed by pending motions in limine.  Both parties preserve the right to object for a lack of foundation at the time of testimony.  The government summarizes outstanding issues that the parties did not resolve below.

*Evidentiary Issues*

The government intends to object Defense Exhibits 202, 203, and 204, which are medical records related to a gunshot wound that the defendant suffered as a child in 2006.  The government understands that the defense intends to offer these documents as proof that Hamilton suffers from chronic pain that he treats with marijuana.  The government objects to this evidence as irrelevant under Rule 401 also that the evidence lacks foundation.  Unless the defendant testifies himself before the introduction of this evidence, there is no evidence that the defendant currently suffers from chronic pain, and the mere facts of a gunshot wound approximately 15 years before he was arrested for the instant offenses does not tend to prove that he currently suffers from chronic pain.  Without some foundation that the defendant does in fact suffer from chronic pain, the 2006 medical records are irrelevant.  Even if the evidence is somehow relevant and a proper foundation is laid, the government further objects to the medical records as unduly prejudicial under Rule 403 because the nature of the injury, and the defendant's age when he was injured, may arouse the sympathy of the jury and distract from the issues of the case.

The government intends to object to the defendant's proffered lay witness, Stephon Phillips, who the defense says will "testify about Mr. Hamilton's consumption and usage of marijuana."  Although the

defense confirmed that there is some "relationship" between Hamilton and Mr. Phillips during the parties' meet and confer, it is unclear what knowledge Mr. Phillips has about Hamilton's drug use and where this knowledge comes from. The government therefore reserves an objection to the foundation for Mr. Phillip's testimony. To the extent that Mr. Phillips will testify about statements made by Hamilton about his drug use or other issues[1], the government objects that the testimony is improper hearsay. To the extent that Mr. Phillips will testify that Hamilton used marijuana in a particular way on other occasions, and so must have been using marijuana in the same way on the day he was arrested, the government objects that this is improper propensity evidence under Rule 404(b).

The government intends to object to the testimony of the defendant's proffered lay witness, Criminalist Maria Cownan. The defense has indicated Ms. Cownan will testify to "a DNA sample from the magazine of the firearm in this case matching to an individual named Juan Tiant." But the defense has also indicated to the government in writing that it does not intend to qualify Ms. Cownan as an expert, and no expert disclosure has been made to date. As such, the government objects to Ms. Cownan's testimony because her testimony about the conclusions in a DNA report she prepared will necessarily implicate expert opinions. To the extent that Ms. Cownan is somehow able to limit her testimony to personal knowledge, the government objects pursuant to Rule 403 because her title and position will confuse the jury into treating her testimony as if she was a qualified expert. Moreover, her testimony will introduce significant confusion and push the jury towards speculation: for instance, while the defense may seek to have Ms. Cownan state the results of her test, she would be unable to explain the meaning or significance of those results because she will not be qualified as an expert, leaving the jury to guess and speculate as to their import. Finally, to the extent that the defense does attempt to qualify Ms. Cownan as an expert, the government objects that no disclosure has been received as required by the parties' agreed disclosure deadlines.

The government further reiterates its objections to the expert testimony of Christopher Conrad, which are described at length in the government's motion in limine No. 14.

---

[1] For instance, the government is concerned that Mr. Phillips may testify about the defendant's use of marijuana to treat his alleged chronic pain. However, that evidence would be based on hearsay and is inadmissible.

The defense has moved to exclude, in whole or in part, the testimony of the government's proposed drug trafficking expert, DEA Special Agent David Mateer. *See* Def MIL 5. The defense contends that the government has not established a factual basis for Agent Mateer's opinions, that his opinions may raise confrontation clause issues, and that he should not be permitted to testify as to an ultimate issue in the case, namely Hamilton's mental state. As the government explains at greater length in its response to the defense's motion, Special Agent Mateer has substantial training and experience that qualifies him to testify as to matters important to the jury's consideration, including common dosages of marijuana and the use of firearms by drug traffickers. Agent Mateer's testimony will not violate Hamilton's confrontation rights, and Agent Mateer will not provide an opinion as to the defendant's mental state.

The defense has also indicated that it is opposed to the admission of evidence recovered from Hamilton's cell phones (government's exhibits 55-85). The defense has indicated that it objects to the evidence as irrelevant,[2] in part because there is no indication who took the photos or that Hamilton himself possessed the marijuana or currency in most of the photos. For similar reasons, the defense indicated it would object to the images as confusing for the jury under Rule 403. As the government explained in its motion in limine to admit the cell phone evidence (*see* Government MIL 3), the materials recovered from the cell phone are direct evidence that Hamilton was engaged in drug trafficking on the day of his arrest, an essential element of Count 2. Even if the material were not direct evidence, it would be admissible as non-propensity evidence of knowledge and intent under Rule 404(b)(2). The government provided notice of this basis as part of its 404(b) disclosure on January 18, 2022.

The defense has indicated that it is opposed to government's exhibits 6, 21, and 29, which concern the defendant's possession of promethazine, on the basis that the exhibits are irrelevant, confusing and unduly prejudicial under Rule 403, and improper propensity evidence under 404(b). The government believes that possession of promethazine is relevant because possession of other controlled substances indicates that the defendant was a drug dealer, and thus makes more likely that he possessed

---

[2] There is no dispute as to the authenticity of the evidence from the phones, i.e., the defense agrees that the evidence did indeed come from Hamilton's phones.

GOVERNMENT'S TRIAL MEMORANDUM            5
CR 21-202 WHO

narcotics with intent to distribute on the day he was arrested. The evidence is not confusing, because the jury will be aided by the expert testimony of Special Agent Mateer that drug dealers commonly possess and deal in multiple controlled substances.

Finally, the defense has requested that the government redact audio in certain body-worn camera footage in which the arresting officers are heard telling Hamilton that they have a warrant for his arrest. While the government does not dispute that there was no warrant for arrest, the government believes that Hamilton's reaction to hearing that there was a warrant for his arrest—he fled on foot—is probative of his mental state at the time of his arrest. Further, the government believes that this redaction issue should be reserved until the Court's ruling on whether the facts of February 14 shooting for which Hamilton was suspected should be admitted. *See* Gov't MIL No. 1.

*Legal Issue*

The parties have exchanged proposed jury instructions and are largely in agreement. However, the defense has proposed that the court instruct the jury on the lesser included offense of simple possession of a controlled substance under 21 U.S.C. § 844. The government is opposed to this instruction on the basis that, given the facts of this case, no reasonable jury could find the defendant guilty of simple possession and not also possession with intent to distribute. This is particularly the case because of the substantial evidence supporting the defendant's intent to distribute. Alternatively, the government asks that the court reserve judgment on this instruction until the evidence in the case is established at trial.

As mentioned above, on January 27, the parties held a meet and confer in which they were able to narrow the outstanding evidentiary and legal issues. A number of stipulations have also been reached and the parties will continue to seek to resolve factual and legal disputes pretrial.

DATED:  January 31, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

_____/s/_____
ANKUR SHINGAL
EVAN MATEER
Assistant United States Attorneys