UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>ROBERT HAMILTON,<br>　　　　Defendant. | Case No. 21-cr-00202-WHO-1<br><br>**ORDER ON EVIDENTIARY ISSUES** |

The parties have raised a series of evidentiary issues in various pretrial submissions, including in the motions in limine. As stated in the pretrial conference on February 7, 2022, I make the following rulings.

1. Evidence regarding the February 14, 2021, shooting is excluded under Federal Rule of Evidence 403. The issues in this case, as framed by the Superseding Indictment and narrowed by the parties' stipulations, are whether Mr. Hamilton was a felon in possession of a firearm and ammunition on or about February 27, 2021, and whether he carried that firearm that day in connection with and in furtherance of a drug trafficking crime. He was not charged in connection with the shooting on February 14, nor was an arrest warrant issued. The evidence of what happened on February 14 would waste time and be more prejudicial than probative. The only potential relevance is to explain why the police wanted to talk with Mr. Hamilton on February 27; as to that, I will instruct the jury as the parties proposed in their competing Jury Instruction No. 30 that I have resolved the legal issues involved in the arrest and search of Mr. Hamilton on February 27 and that jurors may not speculate whether it was obtained improperly or in violation of the law.

2. I order redaction of the word "probation" from the video taken while Mr. Hamilton was

being arrested because it is prejudicial, but not the term "arrest warrant," which was said by an officer in the process of trying to stop Mr. Hamilton on February 27 and may help explain his and the officers' conduct.  I will instruct the jury that there was no arrest warrant issued for Mr. Hamilton.

3. I will admit the promethazine bottle found on Mr. Hamilton when he was arrested on February 27.  The parties can argue about its relevance to the crimes charged.  I will admit two photos of the gun that Mr. Hamilton is alleged to have possessed on arrest (one loaded, one with a clip separate).  I will not sustain the objection to use of the mugshot because it is unnecessary and more prejudicial than probative.

4. Mr. Hamilton's conviction regarding marijuana in 2017 is admissible, and his other convictions within ten years are admissible if he testifies.  His arrests are not admissible.

5. I will not allow the photos and videos found on Mr. Hamilton's phone unless the door is opened by defendant.

In brief explanation of my rulings on the 2017 conviction, arrests, and photos, the Ninth Circuit uses a four-part test to determine whether evidence of other crimes, wrongs, or acts is admissible under Rule 404(b).

> "Such evidence may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged."

*United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002).

The 2017 conviction meets all four prongs.  It does show, as the government argues, Mr. Hamilton's knowledge and intent of drug trafficking, and it is similar enough to the offense charged to warrant admission.  The arrests fail on the third prong, since Mr. Hamilton was not convicted.  In addition, it fails a second test.  Even if all four prongs are met, the court "must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403."  *Id.*  Rule 403 allows the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing

the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The 29 photos and two videos present different concerns. They differ in content and quality. Some only show large amounts of cash (Exs., E, F, G, H, K) others only white pills (Exs. AA, BB, CC, Z). Only one shows a small, blurry image of the handle of a gun. (Ex. A). Several show what the government contends is marijuana; however the photos are also small and blurry.[1] (Exs. P, Q, R, S, T, U, V). One includes a man whom the defense notes is not Mr. Hamilton. *See* Dkt. No. 82 at 7:7-9 (citing Ex. I). Two appear to show a person holding what might be drugs, but the size and poor image quality make it difficult to tell who the person is and what in fact they are holding. (Exs. N, O). Others show a person who appears to be Mr. Hamilton holding cash. (Exs. C, D, J, L, M). Of the photos, only two appear to show Mr. Hamilton and both cash and drugs. (Exs. B, W). Exhibit X is similar to Exhibit W, however, a plastic bag that the person is holding—which contains what may be drugs in Exhibit W—is hidden by his leg. Finally, one photo is of a bottle labeled "promethazine." (Ex. Y).

The majority of these photos require too speculative of a leap to prove any knowledge or intent by Hamilton to distribute the drugs he purportedly had at the time of his arrest. The photos showing only money, pills, a gun, the bottle, and what appear to be marijuana, along with the photos of Mr. Hamilton holding money, depict items that could have belonged to another person at the time. They are not probative of Mr. Hamilton's possession of these items, let alone any intent regarding knowledge or distribution.[2]

It is unclear if the man pictured in Exhibits N and O is even Mr. Hamilton; admitting them would risk unfair prejudice. The same is true of the photo of the man who is not Mr. Hamilton, submitted as Exhibit I.

---

[1] Defense counsel notes that the alleged drugs in the photos were not tested to confirm whether they were in fact drugs.

[2] Even if these photos satisfied the requirements of *Romero*, I would exclude many under Rule 403. Many of the photos are needlessly cumulative, particularly the multiple photos of the pills and what appear to be marijuana.

3

This narrows the list to three images: Exhibits B, W, and X. These appear to show: (1) Hamilton; (2) cash; and (3) what may be marijuana.

The Ninth Circuit has "consistently held that evidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent, knowledge, motive, opportunity, and absence of mistake or accident in prosecutions for possession of, importation of, and intent to distribute narcotics." *United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005). The evidence at issue in *Vo* was the defendant's prior conviction of selling cocaine. *Id*. at 1017.

In *United States v. Lozano*, 623 F.3d 1055, 1059 (9th Cir. 2010) (per curiam), the court held that evidence of the defendant's prior possession or sale of narcotics was material to issues of knowledge or intent of drug distribution. That involved physical evidence discovered during an unrelated search of the defendant's home eight months before his arrest: drugs, guns, $12,500 in cash (that a drug-sniffing dog alerted as "having been in contact with drugs"), and photographs of the defendant at a marijuana grow.[3] *See Lozano*, 623 F.3d at 1058-60.

In *United States v. Nava*, 83 Fed. Appx. 172, 173 (9th Cir. 2003), the "other acts" evidence came from the testimony of a witness who said he had purchased "large quantities of methamphetamine" from the defendant several times over a three-year period. The issue there was whether the prior acts were "too remote in time" to be admissible under Rule 404(b); the Ninth Circuit said they were not.[4] *Nava*, 83 Fed. Appx. at 173.

There are distinctions between these cases and the evidence at hand. The evidence of the "other acts" in these cases draw a more direct line to the defendant's knowledge and intent of drug distribution than the photos. In *Vo*, the defendant had been convicted of selling drugs. In *Lozano*, the money found in the defendant's bedroom had been in contact with drugs, which were also found in the defendant's home. In *Nava*, the witness testified that he had purchased drugs from

---

[3] The Ninth Circuit stated that there was sufficient evidence to support the defendant's involvement with the evidence in part because the photos of the marijuana grow included him. *See Lozano*, 623 F.3d at 1060. This reinforces my focus on the three photos that might include Hamilton.

[4] Time is not an issue here, as the Ninth Circuit has permitted evidence of other acts dating back far longer. In *Vo*, for example, the evidence was a 13-year-old conviction. *See* 413 F.3d at 1013.

4

the defendant. The photos, on the other hand, show only that at one point in time, in 2017, Mr. Hamilton handled money and what appear to be drugs that may or may not have actually belonged to him at some point in time. That is different, say, than the 2017 conviction for possession of marijuana for sale that I will admit.

But even if *Romero* were satisfied regarding these three photos, their probative value is substantially outweighed by a risk of prejudice to Mr. Hamilton. They would invite the jury to infer that because Mr. Hamilton handled drugs or cash in the past, or glorified them with pictures on his phone, he is more likely to have possessed drugs with the intent to distribute them on the day of his arrest four years later.

6. Mr. Hamilton's medical records from 2006 are too remote in time to be relevant, and the suggestion that the underlying gunshot wound causes his chronic pain is speculative. And evidence that Mr. Hamilton was shot as a child is designed to evoke sympathy in ways unrelated to issues in this case and would be more prejudicial than probative.

7. Ms. Cownan is not a DNA expert and cannot testify that a DNA test identified someone else's fingerprints on the gun that was found with Mr. Hamilton.

8. Both Agent Mateer and Mr. Conrad may testify as experts and neither will be excluded from the trial. Foundation for testimony that Mr. Hamilton used marijuana in any particular way must be laid by a witness with personal knowledge; Mr. Conrad may not import hearsay concerning Mr. Hamilton's use of marijuana into his testimony. The government's case agent may also be present throughout the trial.

9. The parties generally agreed on the resolution of most of the motions in limine. As reflected in the papers, with the modifications described above, Government Nos. 2 and 5-13 are granted, as are defendant's Nos. 1-4. The other motions and issues raised in other filings are resolved as described above. That said, if a party opens the door to the extent that fairness requires reconsideration of any of the rulings above (such as making a potentially misleading argument that would be rebutted by excluded evidence), the other

side should raise the issue outside the presence of the jury.

**IT IS SO ORDERED.**

Dated: February 10, 2022

William H. Orrick
United States District Judge