JODI LINKER
Federal Public Defender
Northern District of California
ANGELA CHUANG
CANDIS MITCHELL
Assistant Federal Public Defenders
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:    (415) 436-7700
Facsimile:    (415) 436-7706
Email:         Angela_Chuang@fd.org

Counsel for Defendant Hamilton

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT HAMILTON,<br><br>Defendant. | **Case No.:** CR 21–202 WHO<br><br>**DEFENDANT'S UNOPPOSED MOTION AND [PROPOSED] ORDER FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(C)** |

# INTRODUCTION

Pursuant to 18 U.S.C. § 3582(c)(1)(A), Mr. Hamilton hereby moves for a reduction in his sentence in order to effectuate the Court's intent to credit him for time spent in custody from his arrest on February 27, 2021 until imposition of his federal sentence on June 23, 2022. A reduction to a sentence of seven months and 21 days would be consistent with the amount of time that he would serve on a 27-month sentence as counted from the date of arrest. Based on discussions with government counsel, undersigned defense counsel understands that the government takes no position on this motion and does not intend to file a response unless ordered by the Court.

# BACKGROUND

On February 27, 2021, Mr. Hamilton was arrested by SFPD officers and remanded to state custody for the offense that is charged in this matter. He remained in state custody until he was transferred to federal custody on a writ on April 23, 2021. State authorities never relinquished primary custody of Mr. Hamilton, despite the fact that he was detained at Santa Rita Jail during the pendency of the federal case, effectively putting his state case on hold until after completion of the federal case. Following a federal jury trial before this Court in February 2022, Mr. Hamilton was convicted on one count of 18 U.S.C. § 922(g)(1). He was subsequently sentenced by this Court on June 23, 2022, to 27 months in custody.

At the sentencing hearing, the parties and the Court discussed whether the federal sentence would be ordered to run concurrently with any future state sentence imposed in Mr. Hamilton's state case. During this colloquy, the defense explained that the federal sentence would necessarily run consecutively to any future state sentence unless the Court ordered it to run concurrently. *See* Declaration of Angela Chuang in Support of Motion for Sentence Reduction ("Chuang Decl."), Ex. A (Sentencing Transcript) at 14. As part of their argument, defense counsel expressed concern that if not for concurrent sentencing, Mr. Hamilton could lose credits for the roughly 16 months that he had spent in custody prior to the sentencing date. *See id.* ("[Ms. Chuang:] So if this court does not order the federal sentence to run concurrently to any potential future state sentence in that case, then it will necessarily run consecutively because of the way BOP calculates it, which means that . . . this whole 15, 16 months that he's been here while this case has been pending and his state case has been put on

hold because of that, he wouldn't – it's very possible that he wouldn't receive federal credit towards his federal sentence.").

The government opposed concurrent sentencing, but the Court ultimately decided that concurrent sentencing was appropriate to avoid the risk of Mr. Hamilton serving consecutive sentences between the two cases. In making that decision, the Court noted that "if that [state] judge wanted to – thought that 27 months, total, was not enough, then she or he could add more." *Id.* at 16. Shortly thereafter, the Court elaborated further, explaining that, "I have confidence that the state-court judge will do what the state-court judge will do, knowing what has happened here . . . And I do think that the potential harm of running it consecutively for the same conduct is something I would be more concerned about." *Id.* at 17. Finally, the Court explained that Mr. Hamilton's presentence custody time spent at Santa Rita Jail while answering the federal charges factored into its decision to vary downwards. *See id.* ("I should also add in my variance decision that the time that Mr. Hamilton has spent has been at Santa Rita, during the pandemic. And that time has been harder time than many other situations."). The Court thus expressed its intention that Mr. Hamilton's 27-month federal sentence include the time that he spent in custody prior to imposition of the sentence.

Following imposition of the federal sentence, Mr. Hamilton was transferred back to state custody. He eventually pleaded guilty to state charges and was recently sentenced on January 27, 2023, to an aggregate sentence of four years with half-time credits. *See* Chuang Decl., Ex. B (State Sentencing Minutes). The state court judge ordered that the state sentence run concurrently with Mr. Hamilton's instant federal sentence, and ordered that he receive credit for time spent in custody from the date of arrest. *See id.* Both this Court and the state court judge indicated that the two sentences should run concurrently. Because Mr. Hamilton is receiving half-time credits for his state sentence, he is expected to complete his state custodial term on February 27, 2023—two weeks from now.

Undersigned defense counsel then communicated with BOP about Mr. Hamilton's federal and state sentences, and was informed that based on its regulations regarding sentence calculations, BOP would not give Mr. Hamilton credit for the period of time that he was in custody between his arrest and his federal sentencing date of June 23, 2022. Chuang Decl. ¶ 4. BOP informed defense counsel that the 27-month federal sentence would be calculated beginning June 23, 2022, and would run

concurrent with the state sentence from that date onward, but that no prior custody credits would be included. *Id.*

What was unfortunately not made clear to the Court at the time of the federal sentencing is that BOP policy prohibits BOP from giving a person credit for any time spent in presentence custody on a writ if such time is later credited to a state sentence, as is the case here. According to BOP's Sentence Computation Manual, "[t]ime spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time."[1] And BOP has interpreted 18 U.S.C. § 3585(b) to prohibit them from granting prior custody credit to a person in primary state custody if a subsequently-imposed state sentence gives credit for that time. *See* Chuang Decl. ¶ 5.

Thus, based on BOP's calculation, Mr. Hamilton's projected release date (at 85% actual serving time to account for good-time credits) would not be until June 2024. On the other hand, if his 27-month sentence was calculated beginning from his date of arrest—as was the Court's intent—his projected release date would be February 12, 2023 (again, at 85% actual serving time to account for good-time credits). That date for the intended completion of the custodial portion of his federal sentence has already passed. The time that elapsed between his federal sentencing date of June 23, 2022, and that intended release date of February 12, 2023, is seven months and 21 days. Accordingly, to arrive at the same originally intended release date of February 12, 2023 with the BOP's sentence start date of June 23, 2022, Mr. Hamilton's sentence would have to be reduced to seven months and 21 days in order to capture the 16 months of actual serving time that he spent in presentence custody (since sentences of under one year are served at 100% rather than at 85%).

Mr. Hamilton respectfully asks the Court to reduce his federal sentence to accurately reflect its intent that he receive credit for the time he served in presentence custody time from his arrest on February 27, 2021 until his federal sentencing date on June 23, 2022. A reduction to a sentence of seven months and 21 days concurrent with his state sentence in SF Case No. 21002192 would accomplish that purpose.

---

[1] Available at https://www.bop.gov/policy/progstat/5880_028.pdf.

DEF'S UNOPP. MOT. FOR SENT. RED.
*HAMILTON*, CR 21–202 WHO

3

# ARGUMENT

## I. The Court May Reduce A Sentence Under U.S.C. § 3582(c)(1)(A) By A Specific Term

The compassionate release statute speaks of reducing the term of imprisonment, not reduction to time served/immediate release as it has most often been utilized. 18 U.S.C. § 3582(c)(l)(A) provides, in relevant part, that the Court "may reduce the term of imprisonment . . . after considering the factors set forth in § 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." One such Guidelines provision, U.S.S.G. § lB.13, similarly speaks of a "reduction" in sentence. Neither the statute nor the Guidelines demand an all-or-nothing outcome of time served or adherence to the original sentence. Indeed, Application Note 4 demonstrates that the Sentencing Commission contemplated just the opposite: it states that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (*and, if so, the amount of the reduction*)." *Id.*, comment. n.4 (emphasis added); *see also id.*, Background (referring to "the sentence modification provisions set forth in 18 U.S.C. § 3582(c)") (emphasis added). Case law is consistent with such authority. *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) ("It bears remembering that compassionate release is a misnomer. 18 U.S.C. § 3582(c)(1)(A) in fact speaks of sentence reductions. A district court could, for instance, reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place."); *United States v. Defendant(s)*, 2020 WL 1864906, *7 (C.D. Cal. April 13, 2020) (noting that government "acknowledged that the Court had legal authority to reduce [the defendant's] sentence . . . up to and including compassionate release for time served").

Accordingly, the compassionate release statute authorizes any sentence reduction if a defendant establishes extraordinary and compelling circumstances and in consideration of the § 3553(a) factors. The reasons that District Courts grant relief are myriad and the amount of reduction is fully at the District Court's discretion. Accordingly, the sentence reduction that Mr. Hamilton seeks here is authorized by 18 U.S.C. § 3582(c)(1)(A).

## II. The Administrative Exhaustion Requirement Is Waived Because The Government Is Not Invoking It Due To The Futility Of Pursuing Administrative Remedies

Normally, 18 U.S.C. § 3582(c)(1)(A)(i) requires exhaustion of BOP administrative remedies prior to seeking relief from the Court. However, based on Mr. Hamilton's unique circumstances, pursuing such remedies would be futile, given that BOP's sentence calculation pursuant to its regulations would not change. Accordingly, the government is not invoking the administrative exhaustion requirement and thus, it should be waived. *See United States v. Taylor*, 2022 WL 4615010, at *2 (D. Ariz. 2022) (explaining that the exhaustion requirement can be waived if not invoked); *United States v. Avilla*, 2021 WL 4460681, at *2 (S.D. Cal. 2021) (same).

## III. There Are Extraordinary And Compelling Reasons To Reduce Mr. Hamilton's Sentence To Avoid Him Serving Time In Custody Far Beyond What The Court Intended

As explained above, and as is consistent with the parties' shared understanding as well as the Court's consideration of the § 3553(a) factors at sentencing, the Court intended that the 27-month sentence it imposed in this matter begin on Mr. Hamilton's date of arrest—February 27, 2021. With good-time credits, he would serve 85% of that time, which would translate to a release date of February 12, 2023, which has now passed. However, due to BOP's sentencing calculation policies and regulations, he will not receive credit for the presentence custody time between February 27, 2021, and June 23, 2022. Thus, under BOP's current calculation of his sentence excluding that time, Mr. Hamilton would not be released until June 2024. Accordingly, unless the Court reduces Mr. Hamilton's sentence as requested in the instant motion, he will serve 16 months longer of a custodial term than was intended. The looming prospect of Mr. Hamilton spending that much more time in custody beyond what was intended constitutes extraordinary and compelling reasons to reduce his sentence.

Such relief is warranted to account for custody time that will not be credited by BOP but that the Court intended to count towards the sentence. *See, e.g.*, *United States v. Frederick Bonds*, Case No. 19-518, Dkt. No. 27 (D.N.J. 2022) (order reducing sentence by 369 days to effectuate intent for defendant to receive credit for custody time applied to another sentence); *see also* U.S.S.G. § 5G1.3(b) (discussing how a court can adjust a sentence to account for a period of imprisonment that would not be credited by BOP).

**CONCLUSION**

For the foregoing reasons, Mr. Hamilton respectfully requests that pursuant to 18 U.S.C. § 3582(c), the Court reduce his sentence to seven months and 21 days concurrent with his state sentence in SF Case 21002192. He further requests that the Court grant this motion on the papers.

If the Court wishes to schedule a hearing on the issue, he asks that it be scheduled before the end of the month, which is when he would be released from custody on his state sentence and two weeks after he would have been released from custody on his federal sentence if he had been credited with the presentence custody time at issue.

Dated:    February 17, 2023                     Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

              /S
ANGELA CHUANG
CANDIS MITCHELL
Assistant Federal Public Defenders

**[PROPOSED] ORDER**

For the reasons stated above, the Court finds that extraordinary and compelling reasons warrant a reduction in Mr. Hamilton's sentence in order to effectuate its intent that his custodial term include presentence custody time between his arrest date and his sentencing date of June 23, 2022. The Court also finds that such a reduction is consistent with the § 3553(a) factors and any applicable policy statements.

Accordingly, pursuant to 18 U.S.C. § 3582(c)(1)(A), it is ORDERED that the sentence in the above-captioned matter is reduced to seven months and 21 days, concurrent with any state sentence imposed in SF Case No. 21002192. The remaining terms of the Judgment remain unchanged.

IT IS SO ORDERED.

DATED: _____

                                                WILLIAM H. ORRICK
                                                United States District Judge